## F. T. McLaughlin v. Catharine Hess et al., Appellants.

*Contract—Entire and severable—Evidence.*

Plaintiff and defendants entered into a contract whereby plaintiff, a dairyman, agreed to furnish all of his milk to defendants for a year at a certain price per gallon. No specific amount of milk was mentioned. *Held*, that the contract was severable, and that plaintiff could recover for milk furnished during a portion of the year, although he failed to comply with his contract during the rest of the year.

Argued Oct. 23, 1894. Appeal, No. 62, Oct. T., 1894, by defendants, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1892, No. 136, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for milk sold and delivered. Before PORTER, J.

At the trial it appeared that plaintiff claimed to recover for milk furnished during April and May, 1892, at specified rates. Defendants admitted that the milk had been furnished, but claimed that plaintiff had entered into an entire contract with them to furnish milk during the whole year from April, 1892, to April, 1893, and as he had failed to comply with his contract after the month of May, he was not entitled to recover. Defendants' evidence was that the contract was made " from April 1, 1892 to 1893," at specified rates per gallon, " for whatever he had to ship."

The court charged in part as follows :

" [The defendant admits to have received this milk and says that primarily he was to have paid for it at these rates, but he says that this plaintiff agreed to furnish him all the milk he had to ship during the entire year from April, 1892, to April, 1893, and primarily that because that contract was violated there can be no recovery whatever, the contract not having been fulfilled and the plaintiff having been obliged to fully perform his contract before he can recover. This view of the case, gentlemen, we cannot recognize, under the testimony. It was not a contract to furnish so many gallons of milk for so much time in a round sum, but it was an understanding between them that this plaintiff should ship what milk he had to

ship, whether more or less, during the year, that is, assuming the defendant's contention with regard to the contract to be correct. It was simply an agreement that this plaintiff should ship whatever milk he had to ship, be it more or less, or be it none, to him, during the year. And upon the defendant's contention that it should be paid for at the rate of 15 cents per gallon during April; then 12 cents per gallon until October, and then 15 cents per gallon during October and 18 cents per gallon during the remainder of the year until the 1st day of April, 1893. The defendant did not agree to take any specific quantity of him. There was no quantity mentioned. It was simply an agreement between them that whatever milk this man had to ship during these months should be paid for at these rates." [1]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1) instruction as above, quoting it; (2) in not instructing the jury as stated in the opinion of the Supreme Court.

*W. S. Woods*, for appellants.—While as a general rule where a specific price is apportioned or named either by the bushel, pound, etc., the contract is held to be severable, not entire, yet such rule is not an unbending one : Shaw v. Badger, 12 S. & R. 275 ; Mining Co. v. Jones, 108 Pa. 55 ; Shaw v. Turnpike Co., 2 P. & W. 454 ; Martin v. Schoenberger, 8 W. & S. 367 ; Harris v. Liggett, 1 W. & S. 301 ; Mansfield v. Trigg, 113 Mass. 350 ; Archer v. McDonald, 36 Hun, 194 ; Ins. Co. v. Garmany, 74 Ga. 51.

The cardinal rule for determining the entirety or divisibility of a contract is : What was the intention of the parties. It was that the goods were to be supplied in full and during the entire term of the contract. This constitutes an entire contract : Shinn v. Bodine, 60 Pa. 182 ; 2 Pars. Cont. 29–32 ; Whart. Cont. § 552 ; Hartley v. Decker, 89 Pa. 470.

*George N. Chalfant*, for appellee.—The contract was severable : 2 Pars. Cont., 5th ed. 517 ; Oil Co. v. Brewer, 66 Pa. 351; Morgan v. McKee, 77 Pa. 228 ; Scott v. Coal Co., 89 Pa. 231 ; Rugg & Bryan v. Moore, 110 Pa. 236 ; Lawson, Cont. 468 ; Veerkamp v. Canning and Drying Co., 58 Cal. 229.

Error cannot be assigned for the omission of a judge to charge in a particular way unless his attention was called to it by a special request: Fox v. Fox, 96 Pa. 60; Burkholder v. Stahl, 58 Pa. 371.

PER CURIAM, Nov. 5, 1894:

We find no error in that part of the charge recited in the first specification. As to the second specification, it does not appear that the learned trial judge was requested to instruct the jury " that if they found as a fact that the contract was entire and the breach of it was occasioned by the plaintiff himself," he could not recover; and, if he had been so requested, it would have been his duty, in view of the testimony, to have refused the point. In any view that can be properly taken of the testimony in this case the contract in question was not entire, but severable : 2 Parsons, Cont. 517 (5th ed.); Rugg v. Moore, 110 Pa. 236, and cases there cited.

Judgment affirmed.